IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MILTON S. CASTILLO, | ) |
| Plaintiff, | ) |
| v. | ) 1:07CV00439 |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| U.S. ATTORNEY GENERAL, | ) |
| U.S. ATTORNEY, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

OSTEEN, JR., District Judge

Plaintiff Milton S. Castillo, proceeding in forma pauperis, filed a pro se complaint against the U.S. Department of Education, the U.S. Attorney General, and the U.S. Attorney. In his complaint, Plaintiff alleges that the Department of Treasury is wrongfully garnishing his Social Security disability benefits at the direction of the Department of Education. He seeks an order of this court stopping any further garnishment and establishing repayment rehabilitation.

In response, the United States filed a Motion to Dismiss or in the Alternative a Motion for Summary Judgment. Plaintiff was notified by the clerk of his right to respond to the motion for summary judgment, and filed a response accordingly. For the reasons set forth hereinafter, this court dismisses Plaintiff's

claim for injunctive relief on the grounds that it lacks jurisdiction and dismisses Plaintiff's remaining claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

## I. FACTS

Plaintiff attended Sullivan County Community College from 1994 to 1997 and Empire State College from 1997 to 1999. In order to finance his education, Plaintiff took out student loans while enrolled in both institutions. In 2003, Plaintiff obtained a Direct Consolidation Loan to pay off the balance of his Empire State College loan. Likewise in 2007, Plaintiff obtained another Direct Consolidation Loan to cover the remainder of the loans he received while attending Sullivan Community College. Though Plaintiff is presently in repayment of the loan he obtained in 2007, he defaulted on the 2003 Direct Consolidation Loan ("2003 Loan").

In order to collect the amount outstanding on the 2003 Loan, the Department of Education utilized the Treasury Offset Program. Under that program, the United States began garnishing $128 per month from Plaintiff's Social Security disability benefit and applying that amount to the repayment of the 2003 Loan. Plaintiff now seeks to prevent the Department of Education from garnishing his monthly Social Security disability benefits.

2

## II. ANALYSIS

Plaintiff, a pro se party proceeding in forma pauperis, submitted a complaint to this court containing a number of different factual allegations and legal issues. When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, and not summarily dismiss the complaint "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977) (citing Colney v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102 (1957)); see also Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701 (1982) (federal courts should construe a pro se petitioner's pleading liberally, no matter how inartful).

The United States filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss tests the legal sufficiency of a challenged pleading, but it does not resolve disputes surrounding the facts or the merits of a claim. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In analyzing such a motion, a court must determine only if the pleading at issue fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The key issue is not whether the plaintiff will prevail on his claim, but whether he is entitled to offer

3

evidence in support of the claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). A court should dismiss a case on Rule 12(b)(6) grounds "only in very limited circumstances," Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989), specifically, only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In determining whether to dismiss under Rule 12(b)(6), the pleading must be liberally construed in the light most favorable to the nonmoving party, and the allegations made therein must be taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1849 (1969).

The motion submitted by the United States in this case may also be treated as a motion for summary judgment. Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issues of material facts exist, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986). If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue remains for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that

> there is some metaphysical doubt as to the material
> facts. In the language of the Rule, the nonmoving
> party must come forward with "specific facts showing
> that there is a <u>genuine issue for trial</u>."

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (citations & footnote omitted) (quoting Fed. R. Civ. P. 56). In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must "determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). The court must view the facts in the light most favorable to the nonmovant, drawing inferences favorable to that party if such inferences are reasonable. <u>Id.</u> at 255, 106 S. Ct. at 2513. However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56(c); <u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. at 2510. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

**A. Offsetting Social Security Benefits**

Plaintiff challenges the ability of the Department of Education to garnish his Social Security benefits under the TOP. The TOP is a centralized debt collection program operated by the U.S. Department of Treasury. This program identifies a federal payment to which a debtor is entitled and withholds a portion of that payment in order to pay a creditor federal agency. <u>See</u> 26

5

U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716(c); 31 C.F.R. § 285.2(b); 31 C.F.R. § 285.4.

In this case, the Department of Education utilized the TOP to garnish Plaintiff's Social Security benefits as a means of collecting on a debt owed by Plaintiff. Generally, the Social Security Act makes Social Security benefits not "subject to execution, levy, attachment, <u>garnishment</u>, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407(a) (emphasis added). This provision, however, is not absolute, as it may limited, modified, or superseded by a provision of law, only so long as that provision does so "by express reference." <u>Id.</u> § 407(b). Here, the Debt Collection Improvement Act specifically allows for the garnishment of Social Security benefits to collect unpaid student loan debt. <u>See</u> 31 U.S.C. § 3716(c)(3)(A)(I); <u>Lockhart v. U.S.</u>, 546 U.S. 142, 145 126 S. Ct. 699, 701 (2005). Accordingly, the Social Security Act does not bar the offset of Plaintiff's Social Security benefits for the repayment of defaulted student loans.

**B. Overcharging**

Plaintiff claims that the amount of the offset deduction from his Social Security benefits results in an "overcharging." In view of Plaintiff's request that this court set up some type of "payment rehabilitation," this court construes Plaintiff's claim as one alleging the offset amount should be reduced.

The legal amount of the withholding by administrative offset is established by statute, which states that $9,000 of the debtor's annual Social Security benefit is exempt from offset. 31 U.S.C. § 3716(c)(3)(A)(ii). The regulations further limit the Department of Treasury's calculation of the offset amount to the lesser of "(i) The amount of the debt . . . ; (ii) An amount equal to 15% of the monthly covered benefit payment; or (iii) The amount, if any, by which the monthly covered benefit payment exceeds $750.00." 31 C.F.R. § 285.4(e).

The Department of Education currently deducts $128 per month from Plaintiff's $878 monthly benefit. The $128 deduction is the amount by which Plaintiff's benefit exceeds $750, and is the lowest of the three amounts set forth in 31 C.F.R. § 285.4(e).[1] After the deduction, Plaintiff still receives the $9,000 per year that is exempt from offset as specified in the Code of Federal Regulations.[2] Defendants, therefore, are entitled to summary judgment on this claim.

---

[1] The total amount of the outstanding loan (subsection (i)) is over $20,000, and 15% of his total monthly benefit (subsection (ii)) is $131.70.

[2] The $9,000 per year exemption is equivalent to $750 per month.

7

### C. Plaintiff's Claim for Injunctive Relief

In his complaint, Plaintiff seeks an injunction against the Secretary of Education in order to prohibit the Secretary from collecting Plaintiff's unpaid student loan through the TOP. Such a remedy, however, is prohibited by law because "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control." 20 U.S.C. § 1082(a)(2). Accordingly, this court dismisses Plaintiff's claim seeking to enjoin the Secretary of Education from collecting on the defaulted student loan under the offset program. See Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988).

### III. CONCLUSION

For the reasons stated above, the court will grant Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 15th day of April 2008.

_William L. Osteen, Jr._
United States District Judge